ELIZABETH SONNAK, Respondent, v. JENNIE S. WALKER,
Appellant.   (Appeal No. 1.)

Second Department, March 5, 1920.

**Process — service of summons by publication — action in which
attachment granted — moving affidavits as to residence insufficient.**

Order for the service of summons by publication in an action in which an
attachment had been granted reversed because the moving affidavits
failed to show that at the time the order was granted the defendant was
still a resident, but indicated that she had changed her residence to another
State, and also because her presence in a foreign State was not shown to
be more recent than December, 1918, leaving her whereabouts for the
last three months unaccounted for.

APPEAL by the defendant, Jennie S. Walker, from an order
of the Supreme Court, made at the Kings County Special Term
and entered in the office of the clerk of the county of Kings on
the 5th day of June, 1919, denying defendant's motion to vacate
and set aside an order for the service of the summons by
publication.

The day after the issue of a warrant of attachment, on
March 27, 1919, an order for publication was granted.   The
plaintiff's affidavit stated:

" That the defendant formerly resided with her father at
1248 Dean street, Brooklyn, New York.   That about a year
ago, her father died, and after his death the defendant broke
up her home there and shipped her furniture to Wiscasset,
Maine, telling her friends that she intended to live at that
place.   That for several months thereafter and until September
4th, 1918, she stopped with Mrs. Lucy K. Faron at 339 Jeffer-
son avenue, Brooklyn, New York.

" That on the 4th day of September, 1918, she left the home
of Lucy K. Faron saying she was going to travel in the West.
That in the month of January, 1919, she wrote from Los
Angeles, California, to a friend in Brooklyn, New York, stating
that she was at 6806 Hollywood Boulevard, Los Angeles,
California.

" Deponent further says that from other reliable information
she believes the defendant was at 6806 Hollywood Boulevard,
Los Angeles, California, in December, 1918.

" Deponent further states that the defendant is of full age and has been continuously absent from the State of New York for more than six months last past and has not made a designation of a person upon whom to serve a summons in her behalf, as prescribed in section 430 of the Code of Civil Procedure of this State."

*David L. Podell* [*Joseph A. Corr* with him on the brief], for the appellant.

*Alfred J. Gilchrist,* for the respondent.

PER CURIAM:

Plaintiff's affidavit fails to show that at the time this order was granted defendant was still a resident, but instead her affidavit indicated that defendant had changed her residence from New York to Wiscasset, Me. But apart from that, the defendant's presence in California was not shown as more recent than in December, 1918, leaving her whereabouts for the last three months unaccounted for. This did not meet the statute. (See Code Civ. Proc. § 438 *et seq.*) Therefore, the order should be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs.

RICH, PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to vacate granted, with ten dollars costs.